# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued December 4, 2023        Decided March 1, 2024

No. 22-5300

JASON LEOPOLD AND BUZZFEED, INC.,
APPELLANTS

v.

UNITED STATES DEPARTMENT OF JUSTICE,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-03192)

———

*Stephen Stich Match* argued the cause for appellants. With him on the briefs was *Matthew Topic*.

*Douglas C. Dreier*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Brian P. Hudak* and *Jane M. Lyons*, Assistant U.S. Attorneys.

Before: PILLARD and KATSAS, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* ROGERS.

ROGERS, *Senior Circuit Judge*: BuzzFeed, Inc. and one of its journalists, Jason Leopold, seek, pursuant to the Freedom of Information Act ("FOIA"), the release of a partially redacted Monitor's Report of 2015 on HSBC Bank's conduct as the result of a deferred prosecution agreement relating to money laundering. The district court granted summary judgment to the Department of Justice as to the entirety of the Report based on FOIA Exemption 8, which protects from disclosure "matters that are contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions." 5 U.S.C. § 552(b)(8). Upon BuzzFeed's and Leopold's appeal, this court remands the case to the district court to determine whether the Department can meet its burden to show that release of any portion of the Report could foreseeably harm an interest protected by Exemption 8.

**I.**

In 2012, the Department of Justice and the United States Attorney for the Eastern District of New York filed a five-year deferred prosecution agreement in regard to an information charging HSBC Bank USA, N.A. and HSBC Holdings plc (together, "the Bank") with violating the Bank Secrecy Act, 31 U.S.C. § 5318(h)-(i), the International Emergency Economic Powers Act, 50 U.S.C. §§ 1702 & 1705, and the Trading with the Enemy Act, *id.* App. §§ 3, 5 & 16. The deferred prosecution agreement required the Bank to appoint an independent monitor to report on its progress in maintaining an effective program to prevent money laundering. Judge John Gleeson in the Eastern District of New York approved the agreement and retained jurisdiction. *United States v. HSBC Bank USA, N.A.*,

No. 12-cr-763, 2013 WL 3306161, at *11 (E.D.N.Y. July 1, 2013).

In 2015, the independent monitor, Michael Cherkasky, submitted his first annual report to the Department, the Bank, the U.S. Federal Reserve, and the United Kingdom's Financial Conduct Authority. The Department filed the Report on the docket under seal. In response to a third party's motion to unseal the Report under the First Amendment right of access, Judge Gleeson ruled that the Report was a judicial document to which the right of access applied and upon *in camera* review that potential harms could be mitigated through redaction. *United States v. HSBC Bank USA, N.A.*, No. 12-cr-763, 2016 WL 347670, at *4 (E.D.N.Y. Jan. 28, 2016).

Specifically, Judge Gleeson considered potential harms from disclosure, including the chilling effect on future cooperation by the HSBC employees with the Monitor, the potential for criminals to exploit HSBC's weaknesses, the diminished effectiveness of future monitors by weakening of the relationship between financial regulators and the Department, and the worsened relationship between the Monitor and foreign regulators. He ordered that the Report be released, subject to the redaction of information identifying Bank employees and processes by which criminals could exploit the Bank, and country names, references to confidential material from foreign jurisdictions, and the appendices containing information from foreign regulators. Judge Gleeson stayed his order to release a redacted Report pending appeal. The Court of Appeals for the Second Circuit reversed, holding that the Report was not a judicial document for purposes of the First Amendment right of access. *United States v. HSBC Bank USA, N.A.,* 863 F.3d 125, 142 (2d Cir. 2017). It did not address the redactions or the applicability of FOIA exemptions. *Id.* at 142 n.7.

Thereafter, on July 29, 2019, Leopold filed a FOIA request with the Department seeking release of the Monitor's Report of 2015 "at least in part." FOIA Request (July 29, 2019) 1. When the Department failed timely to respond, 5 U.S.C. § 552(a)(6)(A)(i), Leopold and BuzzFeed sued in the U.S. District Court for the District of Columbia on October 24, 2019. The parties filed cross-motions for summary judgment. The Department attached declarations, affidavits, and letters from the Monitor, Department officials, a Bank attorney, the Board of Governors of the Federal Reserve System, and foreign regulators. Judge Rudolph Contreras ruled that FOIA Exemptions 4 and 8 applied to the Report and ordered further briefing on segregability, particularly on "the basis for withholding the specific portions of the Report that Judge Gleeson concluded were appropriate for release to the public." Mem. Op. (Jan. 13, 2021) 23–24. The Department submitted additional declarations from David Kessler, an Assistant U.S. Attorney in the Eastern District, and Benjamin Naftalis, a Bank attorney; neither meaningfully explained why releasing the information that Judge Gleeson thought could be released would foreseeably harm an interest protected by Exemption 8. Judge Contreras granted summary judgment to the Department, ruling that Exemption 8 applied to the Report "in [f]ull." Mem. Op. (Sept. 19, 2022) 13. He acknowledged that the supplemental filings were "relatively brief and somewhat conclusory," *id.* at 17, while distinguishing Judge Gleeson's analysis as relying on the First Amendment, not FOIA. *Id.* at 21. Leopold and BuzzFeed appeal.

**II.**

It is long established that the Freedom of Information Act provides a way for persons to obtain information about the conduct of their government. *Dep't of Air Force v. Rose*, 425

U.S. 352, 360–61 (1976). Its provisions are generally to be construed liberally, *id.* at 366, subject to nine exemptions, which are to be construed narrowly, *id.* at 361, 366. Significantly, in 2016 Congress enacted the FOIA Improvement Act, Pub. L. No. 114–185, 130 Stat. 538 (2016), which further limited withholding pursuant to all exemptions, except Exemption 3. Under this limit, the agency bears the burden of showing that it "reasonably foresees that disclosure would harm an interest protected by an exemption" or that "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i); *see Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 369 (D.C. Cir. 2021). This court reviews *de novo* the district court's grant of summary judgment. *Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009); *see Gallant v. NLRB*, 26 F.3d 168, 171 (D.C. Cir. 1994).

FOIA also requires agencies to release "[a]ny reasonably segregable portion of a record." 5 U.S.C. § 552(b). And in 2016, Congress re-emphasized this point when adding the foreseeable harm requirement. Specifically, it provided that an agency must "consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible" and must "take reasonable steps necessary to segregate and release nonexempt information." *Id.* § 552(a)(8)(A)(ii)(I)–(II). The segregability requirement thus extends to both steps of FOIA's sequential inquiry: Even if an exemption covers an entire agency record, the agency still must release any reasonably segregable information within the record that could be disclosed without causing reasonably foreseeable harm to an interest that the exemption protects.

In *Reporters Committee for Freedom of the Press v. Federal Bureau of Investigation*, 3 F.4th 350 (D.C. Cir. 2021), the court emphasized that Congress adopted the foreseeable

harm requirement because of concern that federal agencies were overusing FOIA's exemptions. *Id.* at 369 (citing S. REP. NO. 4, 114th Cong., 1st Sess. 2 (2015); H.R. REP. NO. 391, 114th Cong., 2d Sess. 9 (2016)). Quoting Chief Judge Beryl Howell's opinion in *Center for Investigative Reporting v. United States Customs & Border Protection*, 436 F. Supp. 3d 90, 106 (D.D.C. 2019), this court agreed that "the foreseeable harm requirement 'impose[s] an independent and meaningful burden on agencies.'" *Reps. Comm.*, 3 F.4th at 369. Further, this court instructed that whether a requested record falls within an exemption and whether the disclosure of that record would foreseeably harm an interest protected by the exemption are distinct, consecutive inquiries. *Id.* Agencies, therefore, must provide "a focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede" the interests protected by a FOIA exemption. *Id.* at 370. The court in *Reporters Committee* in part reversed and remanded the case to the district court because the FBI had failed to demonstrate foreseeable harm when it had "submitted a series of boilerplate and generic assertions," described as "wholly generalized and conclusory," *id.* at 370, and "perfunctory, sweeping, and undifferentiated," *id.* at 372.

Judge Contreras determined that at least some material in the Report was covered by Exemption 8. He ordered the Department to conduct a line-by-line review as to "whether any non-exempt information can be reasonably segregated." Mem. Op. (Jan. 13, 2021) 23 n.11. In response, an Assistant United States Attorney in the Eastern District of New York and a Bank attorney stated in sworn declarations that the Report contained no non-exempt information. But instead of considering anew whether any portion of the Report, even though exempt, could be released without foreseeable harm to the interests protected by Exemption 8, the district court ruled that Exemption 8

barred release of any part of the Report.  Mem. Op. (Sept. 19, 2022) 20.

The sequentiality instruction in *Reporters Committee* cannot be brushed aside in this context.  Congress has protected the public's right of access and balanced those interests in nine exemptions that are to be narrowly construed and, apart from Exemption 3, subject to the foreseeable harm requirement.  Nothing in *Reporters Committee* would prevent the district court from reaching the same result it reached here.  But the agency has the burden to submit evidence and offer reasoning based on that evidence.  *Reps. Comm.*, 3 F.4th at 369.  The district court in turn must explain its conclusion.  Here, Leopold and BuzzFeed sought only the Report as redacted by Judge Gleeson.  The burden is on the Department to present reasoned grounds to support a district court's ruling in its favor.  *Id.*  Vague and conclusory filings will be insufficient.  *See id.* at 370, 372.

The record does not enable this court to conclude that the sequential inquiry was conducted or that the Department satisfied its "independent and meaningful burden" to establish the absence of a material factual dispute that the Report cannot be disclosed without foreseeable harm to an interest protected by Exemption 8.  *Id.* at 369; 5 U.S.C. § 552(a)(8)(A)(i)(I).  The district court acknowledged that the declarations were "relatively brief and somewhat conclusory," Mem. Op. (Sept. 19, 2022) 17, yet referred in a footnote only to a brief discussion of foreseeable harm in its initial opinion.  *Id.* at 18 n.5.  The Department's declarations fold a perfunctory assertion of foreseeable harm into their application of Exemption 8 to the entirety of the Report.  This appears to "ignore that the agency must specifically and thoughtfully" consider foreseeable harm from disclosure of *otherwise-exempt* information, *Reps. Comm.*, 3 F.4th at 372, including whether

"partial disclosure of information is possible," 5 U.S.C. § 552(a)(8)(A)(ii)(I).  The record does not enable this court to conclude that the sequential inquiry was conducted or that the Department satisfied its "independent and meaningful burden" to establish the absence of a material factual dispute that the Report cannot be disclosed without foreseeable harm to an interest protected by Exemption 8.  *Reps. Comm.*, 3 F.4th at 369; 5 U.S.C. § 552(a)(8)(A)(i)(I).

The Department maintains that a redacted report would lack important context, Cherkasky Aff. ¶ 13, but that concern falls outside the scope of Exemption 8.  5 U.S.C. § 552(b)(8).  The government "need not disclose a redacted version of [a record] if the unredacted markings would have minimal or no information content." *Perioperative Servs. & Logistics, LLC v. U.S. Dep't of Veterans Affairs*, 57 F.4th 1061, 1069 (D.C. Cir. 2023) (internal quotation marks and citation omitted).  But the Cherkasky Affidavit does not establish that the redaction of all information that would cause a foreseeable harm to an interest protected by Exemption 8 would leave the Report with "minimal or no information content."

To the extent the Department also maintains that disclosure of any aspect of the Report would chill future cooperation by foreign regulators and financial institutions, *see* Appellee's Br. 12–13, 15–17, 22, this assertion is insufficiently supported.  Because the Department's declarations fail to explain how that harm would result from disclosure of every portion of the Report, it falls short of meeting the burden to "directly articulate[] '[a] link between the specified harm and the specific information contained in the material withheld.'" *Reps. Comm.*, 3 F.4th at 371 (second alteration in original) (quoting H.R. REP. NO. 391, at 9).  The Department must provide more than "a perfunctory, sweeping, and undifferentiated declaration." *Id.* at 372.  In view of Judge

Gleeson's analysis and the affidavit of the Monitor, Cherkasky Aff. ¶ 13, a reasonable factfinder could conclude on this record that the Report can be partially disclosed without harming Exemption 8 interests. The declarations before Judge Contreras did not address Judge Gleeson's findings about the sufficiency of redactions to protect future cooperation.

Accordingly, the court vacates the grant of summary judgment to the Department and the denial of Leopold's and BuzzFeed's motion for summary judgment, and remands the case to the district court.